UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH B. MARX,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED DEVICE TECHNOLOGY, INC.<br><br>Defendant. | § § § § § § § § § § | CIVIL ACTION NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Keith B. Marx, plaintiff, brings this action for declaratory judgment to resolve competing claims to an invention.

### I.   Parties, Jurisdiction and Venue

1. Keith B. Marx is an individual residing in Richardson, Texas and a citizen of the State of Texas.

2. Integrated Device Technology, Inc. ("IDT") is a corporation formed under the laws of the State of California. IDT maintains its principal corporate offices and headquarters in San Jose, California, and a citizen of the State of California.

3. The amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs. The District Court has original subject matter jurisdiction of this action under 28 USC 1332.

4. This Court has personal jurisdiction over IDT because IDT conducts business in the State of Texas and within this district, including contracts with Texas

corporations and direct sale of its products in Texas. IDT maintains a registered agent for service and can be served with summons, acknowledgement, and a copy of this complaint through its registered agent for service, CT CORP. SYSTEM, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

5.  Venue is proper in the Northern District of Texas under 28 U.S.C.A. 1391.

## II.  Background

1.  Marx commenced employment at IDT in 1992 and has worked for the company as a Field Applications Engineer continuously since that time. As Field Applications Engineer or ("FAE"), Marx provided technical support to IDT's sales force and interfaced with IDT's customers on technical issues concerning IDT's products which are primarily micro processors. Marx is not a design engineer and has never worked or served IDT in a design, research or product development capacity.

2.  Marx signed an employment agreement when he commenced work which addresses claims of ownership to creative or intellectual property developed during employment. A complete copy of Marx's employment agreement is attached to this complaint.

3.  Marx conceived a new system partitioning concept for Portable Digital Devices, monitors, and televisions (hereinafter the "invention" or "device"). The invention derives potential economic value, is not generally known to the public, and is not currently manufactured or sold in the consumer electronics industry. The invention is described and detailed in drawings as part of an application for a provisional patent filed which Marx has filed with the United States Patent Office.

4.  Marx developed the invention entirely on his own time.

5. Marx developed the invention without use of IDT's equipment, supplies, facilities or trade secrets.

6. The invention does not relate to IDT's business as a semiconductor component supplier and does not relate to IDT's actual or anticipated research or development.

7. The invention is not the result of any work Marx performed for IDT nor does the invention draw upon or borrow from products or technologies marketed or developed by IDT.

8. Believing the device unrelated to IDT's business and therefore exempt from preemptive assignment under the employment agreement, Marx disclosed the invention to IDT's Director of Intellectual Property, Mr. Greg T Warder. Initially, Warder indicated that he did not believe the invention was related to IDT's business. But later, Warder communicated IDT's refusal to waive or relinquish ownership to the invention. Thereafter, IDT communicated written demands repeatedly that Marx assign all rights relating to the device and the provisional patent application.

9. IDT fired Marx on September 10, 2010 because he refused to agree to IDT's interpretation of the employment agreement or otherwise concede IDT's preemptive claim of ownership to the invention.

### III.   Count One:  Declaratory Judgment

1. The employment agreement incorporates California Labor Code Section 2870 which limits an employer's rights to contractually claim ownership of an employee's intellectual property:

"2870: Any provision in an employment agreement which provides that an employee shall assign or offer to assign any of his or her rights in an invention to his or her employer shall not apply to an invention for which no equipment, supplies, facility, or trade secret information of the employer was used and which was developed entirely on the employee's own time, and (a) which does not relate, (1) to the business of the employer or (2) to the employer's actual or demonstrably anticipated research or development, or (b) which does not result from any work performed by the employee for the employer. Any provision which purports to apply to such an invention is to that extent against the public policy of this state and is to that extent void and unenforceable."

2. An actual case and controversy has arisen between Marx and IDT concerning whether IDT may contract for ownership of this invention. The invention is the subject of applications for provisional patents currently on file with the United States Patent Office. IDT has ordered Marx to cease and desist from pursuing a provisional patent. IDT has demanded that Marx assign and transfer control of any patent applications to IDT. IDT has asserted exclusive ownership and has threatened litigation if Marx refuses to assign ownership rights to the device.

3. IDT's asserted ownership clouds plaintiff's rights to seek statutory protection of the technology under United States patent laws, fosters uncertainty over prospects of future damages, and impedes effort to pursue venture capital.

4. An actual, present and justifiable controversy has arisen between Marx and IDT over ownership of the invention. Marx therefore requests that the court declare the rights and legal relationship between Marx and IDT to the invention and that the court enter declaratory judgment that the device falls within the limitations specified in California Labor Code Section 2870 such that IDT's ownership claim is invalid.

## Prayer for Relief

WHEREFORE, Keith B. Marx respectfully requests that the Court:

- enter judgment according to the declaratory relief sought;

- award plaintiff his costs in this action; and

- enter all other relief to which plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  /s/ Richard M. Mosher
Richard M. Mosher
State Bar No.  14580300

Plaza of the Americas, 700 N. Pearl Street,
Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8269
Telecopy:  (214) 871-8209

**ATTORNEY FOR PLAINTIFF KEITH B. MARX**

%JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Keith B. Marx

**DEFENDANTS**
Integrated Device Technology, Inc.

**(b)** County of Residence of First Listed Plaintiff   **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Santa Clara**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard M. Mosher, Thompson, Coe, Cousins & Irons, LLP, 700 N. Pearl Street, Suite 2500, Dallas, TX 75201; (214) 871-8269

Attorneys (If Known)
Roberta A. Hayashi, Berliner Cohen, Ten Almaden Blvd., Eleventh Floor, San Jose, California 95113; (408) 286-5800

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USCA 1332 jd

Brief description of cause:
Declaratory judgment to determine ownership of invention

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:   (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE  10/22/2010

SIGNATURE OF ATTORNEY OF RECORD
/s/ Richard M. Mosher

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____